IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No.: 3:24-cv-00807-CCB-SJF |
| NOTRE DAME FEDERAL CREDIT UNION and DAVID DILLEY, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO DEFENDANT DAVID DILLEY'S MOTION TO STAY BRIEFING**

On January 10, 2025, Plaintiff, New York Marine and General Insurance Company ("New York Marine") moved for the Court to grant default judgment against Defendant Notre Dame Federal Credit Union (the "Credit Union"), pursuant to Fed. R. Civ. P. 55(b)(2), because the Credit Union failed to plead, answer, or otherwise move to defend against New York Marine's Complaint. Defendant David Dilley ("Dilley") moved to stay briefing as Dilley had previously moved to dismiss this matter on a misunderstanding of jurisdiction related to federal credit unions. This Court should reject Dilley's motion to stay and continue with the just and speedy determination of the pending motion for default judgment against the nonresponsive Credit Union.

**DISCUSSION**

The touchstone and primary goal in administering the proceedings in this Court is "to secure the just, speedy, and inexpensive determination of every action and proceeding" Fed. R. Civ. P. 1; *accord James v. Ind. Dep't of Corrections*, No. 3:22-cv-723-CCB-SJF, 2024 WL 4234740, at *3 (N.D. Ind. Sept. 19, 2024). "District courts have  an important and inherent

1

authority and obligation to control their calendars and ensure that litigation proceeds expeditiously." *Personnel Staffing Grp., LLC v. Protective Ins. Co.*, No. 1:21-cv-1926-JPH-MG, 2022 WL 1471041, at *6 (S.D. Ind. May 9, 2022). This is particularly true in cases involving ongoing disputes over insurance coverage. In such circumstances, Indiana courts have explained that the "proper response" is for an insurer to file a declaratory judgment action and obtain a determination regarding coverage. *See, e.g., Westfield Ins. Co. v. TCFI Bell SPE III LLC*, No. 1:16-cv-02269-TWP-MJD, 2019 WL 1434716, at *12 (S.D. Ind. Mar. 30, 2019) (quoting *Masonic Temple Ass'n v. Ind. Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 29 (Ind. Ct. App. 2002)). That is precisely what New York Marine has done here. New York Marine filed this action to obtain a declaration of its rights and obligations under three disputed insurance policies, and it has timely filed a motion for default judgment against the nonresponsive Credit Union. There is no good reason to delay resolution of the issue of default judgment against the Credit Union as the Credit Union failed to respond.

This Court does have the inherent power to stay proceedings to control its docket. *Levin v. Miller*, No. 1:11-cv-1264-SEB-TAB, 2012 WL 12871191, at *1 (S.D. Ind. May 24, 2012). However, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Amli Mgmt. Co. v. Nexus Valve, Inc.*, No. 1:20-cv-02034-JMS-MJD, 2020 WL 7239215, at *3 (S.D. Ind. Dec. 9, 2020) (quotation omitted); *accord RLJCS Enters., Inc. v. Prof'l Ben. Trust, Inc.*, No. 03 C 6080, 2004 WL 2033067, at *2 (N.D. Ill. 2004) ("[T]he granting of a stay is the exception, not the rule[.]"). The relevant standard to evaluate whether to grant a stay is:

> (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.

*Levin*, 2012 WL 12871191, at *1 (quotation omitted); *see also* Fed. R. Civ. P. 1 (recognizing a court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *accord James*, 2024 WL 4234740, at *3. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Amli Mgmt. Co.*, 2020 WL 7239215, at *3 (alteration in original) (quotation omitted).

In this case, Dilley failed to identify any rationale under the above standard in his motion to stay the briefing schedule. *See generally* ECF 20. And the facts demonstrate that Dilley cannot meet his burden of showing that a stay is proper.

The Credit Union has not provided any responsive pleading, answer, or defense to New York Marine's complaint. *See Decl. of Nicholas J. Sideras* ¶ 2; *see also* ECF 16, ECF 16-1. New York Marine served the Complaint on November 20, 2024, and since no response has been made by the Credit Union. On December 11, 2024, Dilley and the Credit Union filed in the underlying state court action a motion for preliminarily approval of class action settlement. *See Decl. of Nicholas J. Sideras* at ¶ 3 (Ex. 1). In his filings, Dilley submitted a "Class Action Settlement Agreement and Release," which includes an assignment provision:

> 4.14 **Assignment and Award.** Credit Union agrees to enter into assignment agreement pursuant to which Credit Union shall assign its claims and rights, including without limitation, any claims of bad faith failure to settle, breach of the duty to defend, breach of the duty to indemnify, and failure to procure adequate insurance, against certain insurers ("Insurers") under certain insurance policies ("Policies"), defined as those on Exhibit C hereto and any other insurance policies in effect between February 2012 and the date this Agreement    is    signed    by    all    Parties. . . .
>
> In arbitration, Dilley will seek damages for Settlement Class to compensate for the claims in the Litigation and the Released Claims,    including    damages    for    wrongful    repossession, libel/slander/defamation, invasion of privacy, property damages, customer injury, and other uncertain or hard to quantify damages, plus    prejudgment    interest    and    post-judgment    interest.

> Notwithstanding anything to the contrary, Credit Union agrees not to contest or oppose an award (and confirmation of an award) by the Arbitrator regarding liability and damages for the Litigation and the Released Claims. . . .

> Regarding any award on liability and damages, Credit Union agrees arbitrate these issues consistent with this Agreement and waive its rights to: (i) a jury trial; (ii) present evidence; (iii) object to evidence; (iv) question witnesses called by Dilley; and (v) appeal any decision or judgment of the Arbitrator or confirmation of the same by the Court.

*Id.* (Ex. 1 at 29–30). The underlying state court preliminarily approved the class action settlement. *See id.* at ¶ 4. Dilley—as putative-assignee of the Credit Union's rights related to this coverage dispute—has neither (1) filed any response on behalf of the Credit Union prior to New York Marine's request for default judgment, nor (2) joined in the motion to dismiss.

Any stay will delay and prejudice New York Marine's attempt to obtain a declaration of the disputed coverage issues and perpetuate uncertainty. New York Marine served the complaint, received no response from the Credit Union. ECF 15, 15-1. New York Marine is plainly entitled to default against the Credit Union under the Federal Rules of Civil Procedure. To the extent Dilley is attempting to exercise rights on behalf of the Credit Union, Dilley would only be doing so as part of its assigned rights in Dilley's settlement with the Credit Union. Moreover, Dilley faces no disadvantages from resolving the default against the nonresponsive Credit Union as any determination will not end this action and such determination can be revised. *See* Fed. R. Civ. P. 54(b).

This Court should therefore reject Dilley's motion to stay. Briefing on New York Marine's motion for default judgment should continue in compliance with the deadlines set forth in Local Rule 7-1(d)(3)(A)–(B), to ensure the prompt and speedy determination of the coverage issues before this Court.

GREGERSON, ROSOW, JOHNSON & NILAN, LTD.

By: _____
Joshua A. Dorothy, Esq. (*pro hac vice*)
Nicholas J. Sideras, Esq. (*pro hac vice*)
Gregerson, Rosow, Johnson & Nilan, Ltd.
100 Washington Avenue South, Suite 1550
Minneapolis, MN 55401
Phone: (612) 338-0755

IN ASSOCIATION WITH:

KOPKA PINKUS DOLIN
Minh C. Wai, Esq.
9801 Connecticut Drive
Crown Point, IN 46307
Phone: (219) 794-1888

**ATTORNEYS FOR NEW YORK MARINE AND GENERAL INSURANCE COMPANY**