UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NOTRE DAME FEDERAL CREDIT UNION, et al.,<br><br>Defendants. | Case No. 3:24-CV-807-CCB-SJF |

## OPINION AND ORDER

Before the Court is Defendant David Dilley's ("Dilley") Motion to Dismiss Plaintiff New York Marine and General Insurance Company's ("New York Marine") Complaint. (ECF 4). Based on the applicable law, facts, and arguments, the Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

I.   **RELEVANT BACKGROUND**

New York Marine filed a Complaint against Defendants Dilley and Notre Dame Federal Credit Union ("NDFCU") for Declaratory Judgment on October 1, 2024, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF 1). In its Complaint, New York Marine seeks a declaratory judgment that it has no obligation to defend or indemnify NDFCU in NDFCU's litigation with Dilley in state court. (ECF 1 at 2). Dilley filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) asserting that the Court does not have subject matter jurisdiction. (ECF 4).

**II.   STANDARD**

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. See *id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack does not enjoy the treatment of his allegations as true. *Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). This is not an exercise in pedantry, rather jurisdiction must be properly pled, and courts have an independent obligation to serve as a "jurisdictional hawk" in ensuring its subject matter jurisdiction. *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020). Dilley's motion tests the existence of jurisdictional facts, so this is a factual attack. *Bazile*, 983 F.3d at 279.

**III.   ANALYSIS**

Federal district courts have diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity requires a case to be between "citizens of different States." 28 U.S.C. § 1332(a)(1). "Under the rule of complete diversity, if there are [citizens] of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

New York Marine asserts that this Court has diversity jurisdiction. (ECF 1 at 2) *See* 28 U.S.C. § 1332. Dilley, on the other hand, argues that NDFCU's federally chartered status destroys diversity jurisdiction. (ECF 4 at 1). New York Marine is incorporated in New York and its principal place of business is in New Jersey. (ECF 1 at 1). New York Marine is therefore considered a citizen of both New York and New Jersey. (*Id.*). Dilley is an Indiana citizen, so this motion solely hinges on NDFCU's citizenship. (*Id.*).

Federal statutes assign state citizenship to various entities, but not federally chartered credit unions like NDFCU. *See* 12 U.S.C. §§ 1751 *et seq.*; *see also* Paul E. Lund, *Federally Chartered Corporations and Federal Jurisdiction*, 36 Fla. State U. L. Rev. 317, 370 n.303 (2009) ("statutes governing federal credit unions include no provision regarding federal jurisdiction"). In contrast, Congress has assigned state citizenship to national banks, *see* 28 U.S.C. § 1348 (citizen of the state in which they are located); federal savings associations, *see* 12 U.S.C. § 1464(x) (citizen of the state where its home office is located); and Fannie Mae, *see* 12 U.S.C. § 1717(a)(2)(A) (citizen of the District of Columbia). Without an explicit statutory directive, courts have used two approaches to determine the citizenship of a federally chartered credit union: the principal place of business approach and the localized activities exception. (ECF 10 at 2, 5).

A. **Principal Place of Business Approach**

The first approach was used by the court in *Navy Fed, Credit Union v. Ltd. Fin. Servs. LP*, 972 F.3d 344 (4th Cir. 2020). (*Id.* at 2). There, the court observed that, under the Federal Credit Union Act ("FCUA") "a federal credit union 'shall be a body corporate.'" *Id.* at 354. As a body corporate, federal credit unions are "vested with all of the powers

3

and charged with all the liabilities conferred . . . upon corporations organized hereunder." *Id.* (citing 12 U.S.C. § 1754). Thus, the court held that a federally chartered credit union should be treated as a corporation in that its principal place of business determines its domicile for the purposes of diversity jurisdiction. *Id.* at 363. New York Marine relies on this analysis to contend that the Court should consider NDFCU a citizen of Indiana, as its principal place of business is in Notre Dame, Indiana. (ECF 10 at 3).

This approach, however, strays from § 1332's plain language. The statute uses "and" rather than "or" to describe the circumstances of citizenship for corporations. The context for these words introduces some independent float to the dual clauses, namely, that such an entity could have citizenship in two locations. In short, § 1332(c)(1) applies to corporations that have both a state (or foreign state) of incorporation and a principal place of business. Thus, as often repeated in the law, a corporation covered by § 1332(c)(1) has "dual" citizenship. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). The law has been exacting in applying this dual citizenship rule to corporations. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-96 (1990). It does not apply to federally chartered credit unions. See *Bankers*, 241 U.S. at 309-10; *Hukic*, 588 F.3d at 428. The Court will not expand the statute and find that NDFCU is a citizen of Indiana solely by qualifying for one onramp of having a principal place of business. After all, the Court cannot create a basis for jurisdiction by judicial decree. *See Qi Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022); *StarNet Ins. Co. v. Notre Dame Fed. Credit Union*, No. 3:24-CV-597 DRL-SJF, 2025 WL 315573, at *2 (N.D. Ind. Jan. 24, 2025).

The principle place of business approach also deviates from circuit practice and Supreme Court precedent. *See Bankers Tr. Co. v. Texas & P. R. Co.,* 241 U.S. 295, 309-10 (1916) (company incorporated under acts of Congress wasn't a citizen of any state); *accord Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 428 (7th Cir. 2009) (citing *Bankers* to note that courts had concluded that federally chartered savings associations were not typically citizens of any state). Though the court of appeals has not addressed diversity jurisdiction *vis-à-vis* federally chartered credit unions, *Am. Airlines Fed. Credit Union v. Eck*, 2018 U.S. Dist. LEXIS 86751, 3 (N.D. Ill. May 23, 2018), it typically hesitates to grant jurisdiction unless a statute explicitly provides for it. *Hukic*, 588 F.3d at 428. For example, complete diversity was "impossible" for a federal savings and loan association because it did "not appear to be a citizen of *any* state for purposes of § 1332," thus defeating complete diversity. *Jenkins v. Martin*, 2006 U.S. App. LEXIS 24835, 5 (7th Cir. Oct. 3, 2006) (citing *Bankers*, 241 U.S. at 295).

Relying on the absence of a statutory provision, other courts have denied state citizenship for federally chartered credit unions (and analogous entities). *See Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc.,* 2011 U.S. Dist. LEXIS 56216, 12-14 (S.D. Ind. May 25, 2011); *Eck*, 2018 U.S. Dist. LEXIS 86751 at 2. These courts have found federally chartered credit unions ineligible for diversity jurisdiction because they are "stateless 'national citizens.'" *Broadbridge Fin. Sols., Inc. v. CNBS, LLC,* 2016 U.S. Dist. LEXIS 37933, 2 (S.D.N.Y. Mar. 23, 2016); *see also Beaman v. Mountain Am. Fed. Credit Union*, 458 F. Supp. 3d 1316, 1320 (D. Utah 2020); *Hayward v. Chase Home Fin.*, LLC, 2011 U.S. Dist. LEXIS 78239, 7-8 (N.D. Tex. July 18, 2011).

5

In sum, as to avoid distorting § 1332's plain language, courts have declined to assign citizenship to entities when Congress has not done so. The Court cannot exercise subject matter jurisdiction without express authorization from the Constitution or federal statute. *See Qi Qin*, 31 F.4th at 582. For these reasons, the Court agrees with the majority of courts rather than following *Navy Fed. Credit Union*, 972 F.3d at 356. NDFCU is thus not a citizen of any state and New York Marine cannot show complete diversity under the principal place of business approach.

B.     **Localized Activities Exception**

The second approach argued by New York Marine is that this Court has jurisdiction through a "localized activities exception." (*Id.* at 5). This exception grants citizenship "if activities [are] localized in one state." *Hukic*, 588 F.3d at 428. When a "federal corporation's business is localized within a single state . . . [the corporation is] deemed a citizen of the state in which its business is conducted." *Schneiderman v. Am. Chem. Soc'y*, 2021 U.S. Dist. LEXIS 215964, 5 (E.D.N.Y. Sept. 28, 2021). The exception has been used even when some out-of-state business occurs. *See, e.g.*, *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995). The law considers many factors to determine where business activities are localized including "the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature." *Id.*

New York Marine maintains that NDFCU has localized its business operations in the state of Indiana, therefore, it should be considered a citizen of Indiana, thus supporting diversity jurisdiction here. (ECF 10 at 8).

Even under this exception, NDFCU is not an Indiana citizen. The credit union is based in Indiana and has eight branches in Indiana. (ECF 1 at 1). NDFCU maintains at least two out of state branches, with a third to open soon in Michigan. (ECF 11 at 7). Maintaining branches outside the state tends to foreclose a federally chartered credit union from establishing state citizenship because it prevents it from being "peculiarly local" enough to warrant citizenship. *See Gilpin v. CU Cap. Mkt. Sols.*, LLC, 2021 U.S. Dist. LEXIS 173097, 9-10 (D. Nev. Sept. 10, 2021) (citing *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3rd Cir. 1959)). NDFCU is not comparable to a credit union with branches in one single state. *See Arlington Cnty. Fed. Credit Union v. Berley Reg'l Ins.*, 57 F. Supp. 3d 589, 590-91 (E.D. Va. 2014). Additionally, NDFCU has national reach with over 4,000 shared branch locations and 30,000 sur-charge-free ATMs. (ECF 11 at 7). Any U.S. citizen or resident alien can join NDFCU from different states given NDFCU's 1,200 affiliated organizations and online registration capabilities. (*Id*. at 8). Many of these affiliated organizations are outside Indiana (*Id.*). Its website does not explicitly limit membership to any geographic area. NDFCU thus serves and seeks to serve citizens nationwide, not just those located in Indiana.

NDFCU's out of state locations are not outliers in its business model. *Cf. Loyola*, 58 F.3d at 606. The credit union serves members nationwide by offering online and mobile banking for all members no matter their location, allowing members to make

7

payments in any state at any time. This online and mobile banking necessarily results in out-of-state business. *See Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*, 2017 U.S. Dist. LEXIS 1491, 14-16 (S.D.N.Y. Jan. 4, 2017). NDFCU has established a "variety of capabilities that permit . . . members to use its financial services outside the state." *Id.* at 14. According to its website, aside from its 30,000 charge-free ATMs, NDFCU issues Visa cards that function worldwide with account access from any location. *Id.* at 5-6. NDFCU's nationwide reach means it is not localized in Indiana and therefore does not qualify for the localized activities exception. Since both the principal place of business approach and the localized activities exception approach fail here, Defendant Dilley's Motion to Dismiss must be **GRANTED**.

    **C.**    **Assignment of Rights Argument**

New York Marine argues, in the alternative, that Dilley's Motion to Dismiss should be denied because NDFCU has assigned its rights to Dilley and complete diversity exists between New York Marine and Dilley. (ECF 10 at 9). As noted by Dilley, however, NDFCU was a party to the original complaint and "jurisdiction is determined at the time of filing." (ECF 11 at 9) (citing *Sykes v. Cook, Inc.*, 72 F. 4th 195, 206 (7th Cir. 2023)). A court must dismiss an action if there is an "incurable jurisdictional defect . . . at the commencement of the original action." *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 875 (7th Cir. 2005). The lack of complete diversity jurisdiction here requires the Court to **GRANT** Defendant Dilley's Motion to Dismiss. (ECF 4).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Dilley's Motion to Dismiss under Rule 12(b)(1) (ECF 4) and **DISMISSES** the case without prejudice. Plaintiff's Motion for Default Judgment (ECF 19) and Defendant's Motions to Stay Briefing (ECF 20) and for Extension of Time to File a Response (ECF 23) are also pending before the Court. Since the Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted, the pending motions are **DENIED AS MOOT**. (ECF 19; ECF 20; ECF 23).

SO ORDERED on May 13, 2025.

                                         /s/*Cristal C. Brisco*
                                         CRISTAL C. BRISCO, JUDGE
                                         UNITED STATES DISTRICT COURT